UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| LYLE AMACHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:04-CV-25 |
| | ) | (JARVIS/SHIRLEY) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's motion for summary judgment or, in the alternative, motion for judgment on the pleadings [Doc. 11] and the defendant's motion for summary judgment. [Doc. 15]. Plaintiff Lyle Amacher has been substituted as party plaintiff instead of his father, Timothy Amacher, who is deceased. [Docs. 19-21]. Timothy Amacher will be referred to as the claimant in this matter. Plaintiff seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.[1]

---

[1] The record includes a supplement that replaces the previous copy of the April 4, 2002 administrative hearing, which appears to be incomplete. [Doc. 9].

The ALJ made the following findings:

1. The claimant met the disability insured status requirements of the Act through September 2000 only.

2. The claimant has not engaged in substantial gainful activity since June 29, 1995.

3. The claimant has "severe" impairments, as described in the decision, but does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No 4.

4. The claimant's subjective complaints, including pain, are not supported by the medical evidence of record.

5. The claimant has the residual functional capacity to perform light work, modified as follows: the claimant can perform posturals only frequently and must work in a clean environment.

6. The claimant is unable to perform any past relevant work and has no transferable work skills.

7. The claimant is 45 years old, which is defined as a younger individual.

8. The claimant reports a high school education plus two quarters of college.

9. Based on an exertional capacity for light work and the claimant's age, education, and work experience, 20 C.F.R. §§ 404.1569 and 416.969 and Rule 202.21, Appendix 2, Subpart P, Regulation No. 4 would direct a conclusion of "not disabled."

2

> 10. Although the claimant's additional nonexertional limitations do not allow the claimant to perform the full range of light work, using the above-cited rule as a framework for decisionmaking, there are a significant number of jobs in the national and regional economies which the claimant could perform. Examples and numbers of such jobs were identified by a vocational expert at the hearing.
>
> 11. The claimant has not been under a "disability," as defined in the Social Security Act, at any time through the date of this decision.

(Tr. 265-66).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004); Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir.1987); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir.1986). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986); see also Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (held that in a close case, unless the court is persuaded that the Secretary's findings are "legally insufficient," they should not be disturbed). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet, 823 F.2d at 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

Timothy Amacher was 44 years old when his insured status for disability insurance benefits expired in September 2000, but was 45 years old at the time of the ALJ's decision. He completed high school and two quarters of college and worked at construction jobs until June 1995 when he drove his vehicle into a tree while he was intoxicated. He sustained injuries to his spinal column and other injuries and now alleges disability due to chronic back pain. (Tr. 34, 317, 377-78, 424, 426).

Although the ALJ concluded that the claimant had severe musculoskeletal impairments, he found that none of these impairments were disabling and found that the claimant had the residual functional capacity ("RFC") to perform light work in a clean environment that required only frequent postural activities. (Tr. 266).

Plaintiff argues on appeal that the ALJ erred in not properly weighing the opinion of treating physician, Dr. Daniel, and in failing to properly evaluate the claimant's allegations of pain. Plaintiff asserts that claimant's treatment with Dr. Daniel began on September 14, 1995, approximately three months after his June 1995 car accident and that he maintained treatment with Dr. Daniel on a regular basis through the date of the administrative hearing on April 4, 2002. Plaintiff insists that Dr. Daniel in his RFC assessment, dated May 13, 1997, outlines restrictions that are less than sedentary in nature (Tr. 170-71) and contends that "[a] vast majority of the treatment that [the claimant] received from Dr. Daniel dealt with the chronic back pain that he had . . . [and that his] last two visits in the record, January 31, 2002 (R. 398-399) and December 20, 2001, (R. 400-401) both have an assessment of lumbago which is a medical term for low back pain." [Doc.

4

12]. At the request of the Social Security Administration, Dr. Daniel did a thorough evaluation on October 2, 2001 and concluded that the claimant was essentially disabled. (Tr. 363-76).

The Commissioner, however, maintains that the ALJ was not required to give Dr. Daniel's medical source statement regarding claimant's RFC great weight because it was inconsistent with the objective medical evidence and with the opinions of other physicians of record. (Tr. 264, 363-69). The Commissioner notes that the claimant was treated conservatively for a variety of complaints by Dr. Daniel over the years and that Dr. Daniel noted in October 2001 report in connection with claimant's disability applications only some tenderness and range of motion limitation, but no atrophy, and found that claimant's reflexes, sensation, and motor functioning were normal. (Tr. 361-62). The Commissioner maintains that Dr. Daniel's treatment notes focus more on claimant's continuing alcohol abuse and related improvements than any significant back complaints. (Tr. 361-62). Dr. Griscom, who testified as a medical expert at plaintiff's 2002 hearing (Tr. 415-24), testified that after a review of the medical evidence, he disagreed with Dr. Daniel. (Tr. 419). He stated that Dr. Daniel's treatment notes were inconsistent with his own opinion of disability and that there was a conflict between Dr. Daniel's opinion and those of the reviewing physicians. (Tr. 210-11). Specifically, Dr. Griscom noted that in November 1995 (five months after plaintiff's accident) Dr. Daniel noted that claimant was "doing very good from previously" and that his low back pain was improved and pointed out that in January 1996, Dr. Daniel documented no specific complaints, noting that claimant was "doing good." (Tr. 210-11). Moreover, Dr. Griscom noted that Dr. Daniel's opinion conflicted with the opinion of state agency, reviewing physician Dr. Juliao, who opined in June 1997 that claimant could perform light work (Tr. 176-83), and with the

5

opinion of state agency, reviewing physician Dr. Lester, who also found in August 1997 that claimant could perform light work. (Tr. 214-21). Dr. Griscom found that the medical evidence indicated claimant improved after two months in a body cast and noted that although claimant began a rehabilitation program, he did not complete it. (Tr. 417). Dr. Griscom concluded that the claimant could perform light work in a clean air environment. (Tr. 419-20).

Although a treating physician's opinion is generally afforded substantial weight, it may be discounted if good cause is shown. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). In addition, controlling weight may not be given to a treating source's medical opinion unless the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is "not inconsistent" with the other substantial evidence of record. Cutlip v. Secretary of Health and Human Services, 25 F.3d 284, 287 (6th Cir. 1994); Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir. 1993).

Based upon the foregoing, I find the Commissioner's arguments persuasive. Although the ALJ acknowledged Dr. Daniel as claimant's treating physician, he properly declined to afford Dr. Daniel's medical source statement great weight because his opinion was inadequately supported by medical findings, was inconsistent with his own treatment notes, and was inconsistent with the opinions of Drs. Juliao, Lester, and Griscom, who all found claimant could perform light work. (Tr. 262-64) 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i) ("State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation."). In

6

light of the foregoing, I find no error by the ALJ regarding the weight afforded Dr. Daniel's opinion.

With respect to the ALJ's credibility determination, I note that it is within the province of the ALJ to resolve conflicts in the evidence and decide questions of credibility. See Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993); Villarreal v. Secretary of Health and Human Services, 818 F.2d 461, 464 (6th Cir. 1987) ("Determination of disability from pain is peculiarity within the province of the ALJ."). The ALJ, as the finder of fact, is required to weigh the evidence, resolve conflicts in the record, and determine the case accordingly. Bradley v. Secretary of Health and Human Services, 862 F.2d 1224, 1227-28 (6th Cir. 1988). "[A]n ALJ's findings based on the credibility of the claimant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness' demeanor and credibility." Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997); Casey v. Secretary of Health and Human Services, 987 F.2d 1230, 1234 (6th Cir. 1993).

In his decision, the ALJ stated that

> the objective findings do not confirm the severity of the condition, and the condition is not of such a severity as to reasonably be expected to give rise to the symptoms and limitations . . .. The limitations alleged are not corroborated by clinical or laboratory findings establishing impairments which could reasonably be expected to give rise to such marked limitations. Furthermore, as noted above, the claimant's allegation[s] of disabling pain are inconsistent with his reported activities of daily living that are documented in the record and that were disclosed in the course of consultative evaluations. Consequently, the claimant's allegations cannot be determined credible to the degree alleged.

7

(Tr. 264-65). I agree. As discussed earlier, the medical evidence does not support claimant's allegations of disabling back pain, as three physicians concluded that claimant could perform light work with some restrictions. (Tr. 264-65). Moreover, the claimant's activities, which included reading, stretching, washing dishes, feeding chickens, sharpening knives, watching television, walking the dog, "piddling" around the house, taking out the garbage, and walking for exercise, undermined his credibility regarding disabling pain. (Tr. 264) Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir. 1993) (in determining whether a claimant's complaints of disabling pain are credible, the ALJ should consider the claimant's daily activities); Bradley v. Secretary of Health and Human Services, 862 F.2d 1224, 1227 (6th Cir. 1988) (where the claimant was able to perform a variety of activities, the Court found the claimant was not inconvenienced by his alleged disabling pain).

Accordingly, I find that the ALJ reasonably relied on the objective medical evidence and the claimant's activities to conclude that the claimant was not disabled. Maziarz v. Secretary of Health and Human Services, 837 F.2d 240, 247 (6th Cir. 1987) (ALJ's function is to determine what medical restrictions a claimant is under and how such restrictions affect his RFC.).

Based upon the foregoing, it is hereby **RECOMMENDED** that the plaintiff's motion for summary judgment or, in the alternative, motion for judgment on the pleadings [Doc. 11] be **DENIED** and that the defendant's motion for summary judgment [Doc. 15] be **GRANTED**.[2]

Respectfully submitted,

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).